U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 31 2006

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TINA M. GAD | CIVIL ACTION NO. 04-2541 |
| -vs- | JUDGE TRIMBLE |
| HEALTHSOUTH CORPORATION | |

## MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is a motion for summary judgment [Doc. #20] filed by defendant HealthSouth Corporation ("HealthSouth"). Plaintiff, Tina M. Gad ("Gad"), filed an opposition to HealthSouth's motion [#28]. HealthSouth replied to Gad's opposition [#31]. For the following reasons, the defendant's motion for summary judgment will be GRANTED.

## BACKGROUND

Tina Gad was employed as a Certified Occupational Therapist Assistant at HealthSouth Rehabilitation Hospital of Alexandria, Louisiana, from January 1995 to December 2003. On 7 July 2003, she notified HealthSouth of her intent to take 12 weeks of leave, from 4 August 2003 to 27 October 2003, under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), to coincide with the birth of her child. Upon expiration of her FMLA leave, she further elected to take two months of unpaid personal leave. In November 2003, during Gad's period of personal leave, hospital supervisors asked her to return to work earlier than originally planned. Initially Gad declined this request, but later

agreed to return on 29 December 2003. Prior to her rescheduled date of return, however, HealthSouth, through Milton Bryan Day, the Chief Executive Officer of the Alexandria facility, informed Gad that her services were no longer needed. HealthSouth subsequently terminated her employment on 29 December 2003. On 2 June 2004, Gad filed a claim with the Louisiana Commission on Human Rights, alleging sex discrimination due to her pregnancy. She filed the instant lawsuit in this court on 17 December 2004, seeking to recover back wages and benefits, liquidated damages, costs, attorney's fees, loss of past and future income and benefits, and damages for embarrassment and humiliation.

## DISCUSSION

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of

the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).[1] Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence–not argument, not facts in the complaint–will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not

---

[1] Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted).

B. **Family Medical Leave Act Claims**

The FMLA provides that an eligible employee shall be entitled to a total of twelve workweeks of leave during any 12-month period for "the birth of a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1)(A); see also 29 C.F.R. § 825.112(a)(1). The FMLA contains two distinct provisions. Nero v. Indus. Molding Corp., 167 F.3d 921, 927 (5th Cir. 1999) (citing Bocalbos v. Nat'l W. Life Ins. Co., 162 F.3d 379, 383 (5th Cir. 1998).

The first provision of the FMLA creates a series of entitlements or substantive rights. An employee's right to return to the same position after a qualified absence falls under this category. Id. An employer must honor this entitlement, and cannot defend by arguing that it treated all employees identically. Id. "Because the issue is the right to an entitlement, the employee is due the benefit if the statutory requirements are satisfied, regardless of the intent of the employer." Id. (internal citation omitted). If an employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement also expires. Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 763 (5th Cir. 2001).

The second provision of the FMLA is proscriptive. This provision protects employees from retaliation or discrimination for exercising their rights under the FMLA. Id.; see also 29 U.S.C. § 2615(a)(1)-(2); 29 C.F.R. § 825.220(c) ("An employer is prohibited

from discriminating against employees . . . who have used FMLA leave.").

Plaintiff argues that the coordination of FMLA leave and personal leave was not properly explained to her. We find this argument unavailing. HealthSouth fully complied with the FMLA notice requirements set forth under 29 C.F.R. § 825.301. Gad received the employee handbook detailing HealthSouth's FMLA policy as well as its separate personal leave policy. Indeed, she wrote a memorandum to her employer summarizing her intent to exhaust her FMLA leave and to take additional personal leave, attaching a copy of her FMLA leave request as well as HealthSouth's leave policies. According to HealthSouth's personal leave policy, there was no guarantee that a position would be available after the conclusion of the personal leave period. The written documents do not support Gad's belief that HealthSouth's personal leave policy did not apply to her. Furthermore, HealthSouth did not lead her to believe that she was being afforded special treatment outside the contours of the stated policies. Based on these facts, the court concludes that HealthSouth did not interfere with Gad's FMLA rights. Gad was fully aware of the parameters of her leave.

The McDonnell Douglas organizational framework applies to claims that an employee was penalized for exercising rights guaranteed by the FMLA where direct evidence of discrimination is lacking. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Chaffin v. John H. Carter Co., Inc., 179 F.3d 316, 319 (5th Cir. 1999). "McDonnell Douglas has proved an enduring guide for courts addressing claims under various statutes, including Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act." Chaffin, 179 F.3d at 319 (internal citation omitted). "Nothing in the FMLA landscape

suggests that the teachings of McDonnell Douglas would be less useful in ferreting out illicit motivations in that setting." Id. (internal citation omitted).

In order to establish a *prima facie* case of retaliation under the FMLA, the employee must show the following: (1) s/he was protected under the FMLA; (2) s/he suffered an adverse employment action; and (3a) s/he was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because s/he sought protection under the FMLA. Hunt, 277 F.3d at 768. Once the complaining party establishes a *prima facie* case of deprivation of a substantive right to reinstatement under the FMLA, the burden shifts to the defendant to prove that the plaintiff would have been terminated during the FMLA leave period and is therefore not entitled to restoration of the position. Id. The burden then shifts back to the plaintiff to show by a preponderance of the evidence that the reasoning presented by the defendant is a pretext for retaliation. Id.

Here, Gad sought to return to work not after her FMLA leave expired, but after a period of unprotected personal leave. She was well aware that after twelve weeks of FMLA leave she would begin this term of personal leave. Moreover, she cannot credibly argue that the twelve-week period of FMLA leave was elongated in her particular case. She has not presented evidence that she was treated less favorably than an employee who did not take FMLA leave or that an adverse decision was made because she sought protection under the FMLA. Thus, she cannot establish a *prime facie* claim of retaliation under the FMLA. Gad suggests that HealthSouth wrongfully filled her position with another candidate, contending that her decision to take FMLA leave resulted in a retaliatory termination. As we do not find any evidence of discriminatory intent, we further decline to scrutinize HealthSouth's

judgment as to staffing decisions or the qualifications of potential candidates. To do so would constitute impermissible "judicial second-guessing of business decisions." Deines v. Texas Dept. of Protective and Regulatory Servs., 164 F.3d 277, 281 (5th Cir. 1999) (internal citation and quotation marks omitted).

In contrast, in cases in which "the employee concedes that discrimination was not the sole reason for her discharge, but argues that discrimination was a motivating factor in her termination," the Fifth Circuit has instead applied a mixed-motive framework. Richardson v. Monitronics Intern., Inc., 434 F.3d 327, 333 (5th Cir. 2005). Within the mixed-motive framework, (1) the employee must make a *prima facie* case of discrimination; (2) the employer must articulate a legitimate, non-discriminatory reason for the adverse employment action; and (3) the employee must offer sufficient evidence to create a genuine issue of fact either that (a) the employer's proffered reason is a pretext for discrimination, or (b) that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination. Id. If the employee proves that discrimination was a motivating factor in the employment decision, the burden again shifts to the employer, this time to prove that it would have taken the same action despite the discriminatory animus. Id. The employer's final burden "is effectively that of proving an affirmative defense." Id. (internal citation omitted). Even if we applied the mixed-motive test to the facts of this case, Gad cannot demonstrate a *prime facie* case of discrimination to support her claim of a retaliatory dismissal from her position at HealthSouth.

C.  **Detrimental Reliance Claim**

Gad alleges that she detrimentally relied on promises made by her supervisors that

7

she would not be terminated while she was on unpaid personal leave. The doctrine of detrimental reliance is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." Suire v. Lafayette City-Parish Consol. Gov't, 907 So.2d 37, 59 (La. 2005) (internal citations and quotation marks omitted). To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. Id.

When the employment contract is for an indefinite term, the contract is terminable at the will of either party. Brannan v. Wyeth Labs., Inc., 526 So.2d 1101, 1103 (La. 1988); see also Deus v. Allstate Ins. Co., 15 F.3d 506, 517 (5th Cir. 1994). Gad does not dispute that she was an at-will employee during her entire tenure with HealthSouth. In fact, she signed documents acknowledging both her at-will status and the fact that only HealthSouth Corporation's Chief Executive Officer could alter it. No such alteration of her employment status occurred. HealthSouth was under no obligation to restore her to her former position upon completion of her personal leave. Gad could not therefore reasonably rely on at-will employment with HealthSouth; any such reliance was misplaced.

In May v. Harris Mgmt. Corp., __ So. 2d __, No. 2004 CA 2657, 2005 WL 3489544 (La. Ct. App. 2005), the employee brought an action against her employer for damages for detrimental reliance arising out of the employer's withdrawal of an offer of at-will employment prior to the designated time she was to begin work. The First Circuit Court of Appeal held that the employee could not have reasonably relied on the employer's promise of at-will employment. The court observed that under Louisiana jurisprudence, it is

"unreasonable to rely on at-will employment and to assume that the employment contract is valid and enforceable when a contract for permanent employment is legally unenforceable." Id. at *5. Thus, Gad cannot establish the second element of her claim, namely justifiable reliance. The detrimental reliance claim therefore fails.

## CONCLUSION

Based on the foregoing reasoning, the defendant's motion for summary judgment will be GRANTED. Gad's complaint will be DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

31 May 2006

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE